## Ogden v. Cronan, Sheriff.

(Decided September 28, 1916.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Constitutional Law—Title of Acts.—Section 51 of the constitution provides, in part, that "No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title," and it is indispensable to the validity of legislative enactments that the subject matter shall by reasonable interpretation be expressed in the title.

2. Constitutional Law—Title of Act—Void Legislation.—Where an act was entitled "An act to amend and re-enact section 1486, Carroll's edition of the Kentucky Statutes of 1915, entitled 'Registration in Certain Cities and Towns,'" and the section proposed to be amended related exclusively to registration in cities and towns, but the body of the amendatory act under this title merely made provision for extending the registration laws applicable to cities and towns to country districts, the subject of the act was not expressed in the title and the legislation was void.

SELLIGMAN & SELLIGMAN for appellant.

A. SCOTT BULLITT, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Section 1486 of the Kentucky Statutes is a part of the chapter on elections and is found in article four of this chapter under the title, "Registration in certain cities and towns." This section, which reads, "In all cities and towns of the first, second, third and fourth classes there shall be a registration of all the qualified voters of the respective cities and towns, which registra-

tion shall be held and conducted as herein provided,'' as well as all other sections under this article, relate to registration in the cities and towns of the State.

In 1916 the legislature passed an act entitled, ''An act to amend and re-enact section 1486, Carroll's edition of the Kentucky Statutes of 1915, entitled, ''Registration in certain cities and towns.'' This act, after reciting in its body that its purpose was to amend section 1486, provided that the section when amended should read as follows:

''In all cities and towns of the first, second, third and fourth classes, and in all counties containing a city of the first class, including that portion of said counties outside the corporate limits of said cities of the first class, within the county boundary, there shall be a registration of all the qualified voters of the respective cities and towns, and counties containing a city of the first class, which registration shall be held and conducted as herein provided.''

It will be observed that the only purpose of the amendment was to provide for registration in counties containing cities of the first class outside the corporate limits of the city.

This suit was brought by the appellant, Ogden, a citizen and taxpayer of Jefferson county, against the sheriff of the county to enjoin him from incurring the expense necessary to hold an election for the purpose of registration in the county of Jefferson outside of the corporate limits of the city of Louisville. The suit was brought on the theory that the act of 1916 was void and therefore the sheriff should not be allowed to subject the taxpayers of the county to the expense that would necessarily attach to the holding of a registration election. The lower court dismissed the suit, and Ogden appeals.

The validity of the act is assailed upon two constitutional grounds. First, that the subject of the act is not included in the title; and, second, that the act is special and local legislation forbidden by the Constitution. But as the decision may be rested on the first ground, we will not consider or express any opinion as to the sufficiency of the second objection.

It will be observed that the section of the statute sought to be amended, as well as a large number of other sections contained in article four, all relate to the sub-

ject of "Registration in certain cities and towns."
Neither in section 1486, nor in any other section con-
tained in article four, is there any provision for the
registration of voters except those living in the cities
and towns of the state. The body of this act now in
question, however, undertakes to provide for the reg-
istration of voters not residing in any city or town but
in the counties of the state containing cities of the first
class and outside of the corporate limits of such cities.
In fact, the act was intended to apply only to the county
of Jefferson, because that is the only county in the state
containing a city of the first class.

The objection urged to the sufficiency of the act when
read in connection with the title is that the title limits
the subject-matter of the act to registration in certain
cities and towns, while the only purpose of the amend-
ment as shown by the body of the act is to provide for
registration in certain counties outside of the cities and
towns contained in such counties.

Section 51 of the Constitution provides, in part: "No
law enacted by the General Assembly shall relate to
more than one subject, and that shall be expressed in
the title . . . ." And the question arising is, Was the
subject-matter of this act expressed in the title? The
title of the act does not contain any intimation or sug-
gestion that it was intended by the act to provide for
registration outside of cities and towns, nor does the sec-
tion of the statute proposed to be amended contain any
matter relating to registration outside of cities or towns.
If a person should read the title of this act by itself or
in connection with section 1486 of the statutes, it would
reasonably and naturally occur to him that the amenda-
tory act contemplated some amendment to the registra-
tion laws of the state in cities and towns. He would
have no reason to suspect by reading the title alone
or in connection with the section sought to be amended
that the act did not, in fact, amend the registration laws
of the state in respect to cities or towns, or that it did,
in fact, extend registration to country districts outside
of any city or town. It is true that the body of the
act relates to registration, but not to registration in any
city or town, while the title of the act reasonably and
naturally conveys the meaning that the amendment was
intended to change the law relating to registration in
cities or towns only.

When the title of this act and the body of the act are read together, it is at once apparent that the title is misleading and deceptive in that it fails, according to any reasonable interpretation or reading, to state or include the subject-matter of the act; or, to put it in words of the Constitution, "the subject of the act is not expressed in the title," either generally or specifically, but, on the contrary, is foreign to the reasonable and natural meaning of the title.

That part of section 51 of the Constitution which we have quoted has been subject to construction by this court in several opinions. In Wiemer v. Commissioners Sinking Fund, 124 Ky., 377, the court said: "A title to an act is not, in order to meet the requirements of the Constitution, bound to contain all of the details of the body of the act. If so, the title would necessarily be as extensive as the body. All that is required is that the body of the act should be so related to the title as to be easily and naturally embraced within its terms, or, as it is sometimes said, they must be germane to each other. The relation should be so natural and obvious that the ordinary mind will readily perceive it. The General Assembly may, by the terms used in the title, restrict the scope of the act to as narrow a plane as they choose; and it follows that, if the title be too narrow and restrictive to embrace any part of the body of the act, to that extent the statute will be unconstitutional, although the different parts of the body are sufficiently cognate as not to be inimical to the inhibition of the Constitution against placing more than one subject in an act."

In the same opinion, quoting from Cooley on Constitutional Limitations, the court said: "As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title. They are vested with no dispensing power. The Constitution has made the title the conclusive index to the legislative intent as to what shall have operation."

And also adopting the rule laid down in 26 Am. & Eng. Ency. of Law, page 589, it was said: "Where the language employed in the title is such as would lead a reasonable man to suppose that the legislature intended to restrict the scope of the act within certain limits specified in the title, such act is unconstitutional so far as concern any provisions outside the limits thus marked out, even though such provisions might properly have been included in the act under a broader title."

And accordingly the court held that the title of the act drawn in question in that case was too restricted to include a section in the act that related to subjects not expressed in or included by the title.

In Board of Trustees v. Tate, 155 Ky. 296, the title of the act in question was, "An act to empower the board of trustees of graded schools operating under special charters, known as Special Act Schools, to levy tax for maintenance." But in the body of the act provision was made for the levy of a tax for maintenance of all graded schools in the state. A taxpayer in the district raised the question that the title of the act restricted the body of the act to graded schools operating under special charters and hence the tax provided for by the act could not be levied for the benefit of graded schools not operating under special charters but organized and operating under the general school laws of the state, and the court held that the title of the act restricted the body of it to graded schools operating under a special charter and hence the contention of the taxpayer was well taken.

In Henderson Bridge Co. v. Alves, 122 Ky. 46, the title of the act of March 19, 1898, was, "An act concerning the assessment and valuation for taxation of corporate franchises and intangible property by cities of the first and second class," and the body of the act related to the assessment and valuation of such property in cities of the first and second classes. On March 23, 1900, this act was amended by an act entitled, "An act to amend and re-enact an act approved March 19, 1898, entitled, 'An act concerning the assessment and valuation for taxation of corporate franchises and intangible property by cities of the first and second class.'" This amendatory act, however, extended the provisions of the act of 1898 to cities of the third class, and a taxpayer in a city of the third class assailed the amendatory act on the ground that the title was not broad enough

to include the subject-matter in the body of the amendatory act, which applied the act to cities of the third class. In holding that this contention was well taken the court said:

"There is nothing in the title of the act of March 23, 1900, to show that it in any way applies to cities of the third class. The purpose of the constitutional provision is that the title of an act must be such as to inform members of the General Assembly and others as to the subject of legislation. The title of the act of March 23, 1900, would inform the members of the General Assembly that the assessment and valuation for taxation of corporate franchises and intangible property by cities of the first and second class was regulated by the act; but it would not inform them that any regulation was made as to cities of the third class. . . . Those interested in third-class cities would not be informed by the title of the act that legislation as to these cities was contemplated, and so would not have their attention directed to the act. In this way such legislation might go through, when, if the title showed what was proposed, it might be defeated. . . . The title to the act in question gave no notice that it affected in any way third-class cities, and we are constrained to hold that it is invalid under the Constitution as to such cities."

In Thompson v. Com., 159 Ky. 8, the title of the act read, "An act to appropriate money for the benefit of the houses of reform, to provide funds to pay the existing deficit and to make improvements at the houses of reform." Under this title sections were inserted in the act not naturally embraced in the title, and the court, in holding these sections that were foreign to the title void, said:

"The purpose of the constitutional provisions was to enable persons reading the title of an act to get a general idea of what the act treated of or contained, and it has come to be a recognized legislative practice for members and others interested in legislation to read the title of acts and gather therefrom in a general way at least the subject-matter of the act, and under the authority of this constitutional provision members of the legislature, as well as the public interested in legislation, have the right to rely on the title as indicating the subject-matter of the act and to assume that the act contains no legislation that is not embraced in a general way

by the subject expressed in the title. But if it were allowable to insert sections in an act entirely foreign to the scope of the legislation as expressed in the title, the purpose of the Constitution would be entirely defeated and much legislation would be enacted that the members would not have approved had they known that it was contained in the act.''

From these opinions it will be seen that the court, in all of the cases coming up under this section of the Constitution, has endeavored to judge the validity of the enactment according to a reasonable and common sense interpretation. As said in Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, ''This court has no disposition to give a narrow or technical construction to the section of the Constitution under consideration, or a construction that would make it difficult or impracticable for the legislature to phrase or construct titles or acts that would not be obnoxious to this provision of the Constitution. The section should be liberally construed so as not to hinder or embarrass the legislature in its efforts to enact laws, but at the same time a construction so loose as to virtually nullify the section, which is mandatory in its terms, should not be adopted.''

But while observing this fair rule of construction, it has also been the effort of the court not to permit the legislature to defeat the manifest purpose of the people in the adoption of this section, as was attempted to be done in the legislation now under consideration. It is, of course, apparent that the legislature could have easily affixed to this act a title that would have readily disclosed the purpose of the legislation and that in a general and adequate way would have indicated the intention and effect of the proposed legislation. For example, the act could have been entitled, ''An act relating to the registration laws of the state,'' or it could have been entitled, ''An act providing for registration in certain counties of the state,'' or it could have been entitled, ''An act to amend section 1486 of the Ky. Statutes, relating to registration,'' and this general designation would have sufficiently directed attention to the fact that it was the purpose of the act to amend or change in some way the registration laws of the state without designating in what particular.

But the title here in question does not disclose an intention to amend generally the registration laws or

purport to extend the registration laws of the state to any county in the state outside of incorporated cities or towns, but naturally and reasonably confines the act to the amendment of the registration laws of the state relating to cities and towns although, as a matter of fact, the act does not touch the existing laws relating to registration in the cities or towns of the state. It merely extends the registration laws applicable to cities and towns to country districts. The legislature in respect to this matter did precisely what it attempted to do in the Henderson Bridge Co. case, *supra*. In that case under a title limited to cities of the first and second class, the legislature, in the body of the act, extended the existing laws relating to cities of the first and second class to cities of the third class. In the case we have the legislature, under a title limited to registration in cities and towns, sought to extend the provisions of the law relating to cities and towns to country districts.

On the authority of the cases cited, and to the end that the constitutional provision under consideration may accomplish the useful purpose it was intended to serve, the act in question must be held void.

Wherefore, the judgment is reversed, with directions to enter a judgment in conformity with the prayer of the petition.