## State Athletic Board of Control v. Blake Amusement Company.

(Decided May 23, 1933.)

BAILEY P. WOOTTON, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellant.

ENGENE R. ATTKISSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

This case involves the validity of chapter 153 of the Acts of the General Assembly of 1928, which sought to amend and re-enact certain sections of chapter 155 of the Acts of 1920 relating to the control of boxing and sparring matches or exhibitions. The validity of the act is assailed on the ground that it violates section 51 of the Constitution which provides that:

> "No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

The title of chapter 155 of the Acts of 1920 reads: "An Act to establish an Athletic Board of Control and prescribing the duties and power of same and to license and regulate the givng or holding of boxing or sparring contests or exhibitions in this State, providing for the payment of a tax and license, and prohibiting any betting or gaming at any such contest, and providing of penalty for violation of this act."

The body of the act deals only with boxing and sparring matches or exhibitions, and thus is confined to the subject-matter indicated by the title. The title of chapter 153 of the Acts of 1928, the validity of which is assailed in this proceeding, reads:

"An Act to amend and re-enact Sections 1290a-3, 1290a-6, 1290a-8, 1290a-9 and 1290a-15 of an act entitled State Athletic Board of Control, being Chapter 155 of an act approved March, 1920, Carroll's Kentucky Statutes, 6th edition, 1922 Baldwin's Blue Book."

The act of 1920 authorized boxing and sparring matches, subject to certain regulations, created a state athletic board of control, and prescribed its duties and powers. The act of 1928 sought to place wrestling matches or exhibitions under the supervision of the state athletic board of control and to regulate them in the same manner as boxing and sparring matches. The act proposed to amend and re-enact sections 3, 8, 9, and 15 of the act of 1920 by inserting, after the words, "sparring match" or "sparring matches," wherever these words appear in these sections, the words, "wrestling match" or "wrestling matches." Neither the title, nor the body, of the act of 1920 contains any reference to wrestling. The title of the 1928 act proposed to amend and re-enact certain sections of the 1920 act, but contains no reference to wrestling matches.

Appellant relies upon a number of cases in which the title of the amendatory act merely refers to the number of sections of the statutes proposed to be amended, and this method of amendment was approved. A reference to these cases, however, discloses that the matter in the body of the amendatory act related to the subject-matter in the particular section of the statute amended and was germane to the title of the amended

act. In Ex parte City of Paducah, 125 Ky. 510, 101 S. W. 898, 31 Ky. Law Rep. 170, the validity of an act amending section 3140, Kentucky Statutes, was assailed on the ground that the title was defective. The title of the amendatory act (Acts 1906, c. 123 read: "An Act to amend and re-enact section three thousand one hundred and forty, Kentucky Statutes," and it was held that the title was sufficient. Section 3140, Kentucky Statutes, related solely to the number of firemen, policemen, and officers of the police and fire departments of cities of the second class. The amendatory act provided that the number of policemen and detectives should be not less than 30 in addition to a chief of police, captain of police, and lieutenant of police. Thus the subject-matter of the amendatory act was the same as the subject-matter dealt with in the body of the amended act.

In Guess v. Linton, 236 Ky. 87, 32 S. W. (2d) 718, the validity of section 2516 of the Kentucky Statutes, as amended by chapter 92 of the Acts of 1916, was involved. The title of the amended act merely referred to the number of the section of the statute which it was proposed to amend, and this was held sufficient. Section 2516 was a part of the chapter on limitation of actions and dealt with "actions that must be brought within one year after accrual of right." The act of 1916 added an action which must be brought within one year next after the cause of action accrued, and one reading the title of the amendatory act, in connection with the act to be amended, might reasonably suspect that this was the thing proposed to be done.

In the instant case, one reading the title of the 1928 act would receive no notice that it proposed to deal with any subject other than the regulation of boxing and sparring matches, but the body of the act introduces an entirely new subject and one not germane to the title of the amended act. The purpose of section 51 of the Constitution is obvious and has been stated in numerous opinions of this court. As said in Wood v. Commonwealth, 225 Ky. 294, 8 S. W. (2d) 428, 430:

> "The title should give fair and reasonable notice to interested persons of the nature of the provisions contained in the act."

In Thompson v. Commonwealth, 159 Ky. 8, 166 S. W.

623, 625, it was said that the purpose of this constitutional provision was:

"To enable persons reading the title of an act to get a general idea of what the act treated of or contained, and it has come to be a recognized legislative practice for members and others interested in legislation to read the title of acts and gather therefrom, in a general way at least the subject-matter of the act, and under the authority of this constitutional provision members of the Legislature, as well as the public interested in legislation, have the right to rely on the title as indicating the subject-matter of the act and to assume that the act contains no legislation that is not embraced in a general way by the subject expressed in the title. But if it were allowable to insert sections in an act entirely foreign to the scope of the legislation as expressed in the title, the purpose of the Constitution would be entirely defeated, and much legislation would be enacted that the members would not have approved had they known that it was contained in the act."

Section 1486 of the Kentucky Statutes, Carroll's 1915 Edition, regulated registration in certain cities and towns. In 1916 the Legislature attempted to amend this section by extending its provisions so as to include country districts in counties having a city of the first class. Acts of 1916, c. 90. The title of the amendatory act merely referred to the number of the section proposed to be amended and the title of the article of which it was a part, namely, registration in certain cities and towns. In holding the act in violation of section 51 of the Constitution in Ogden v. Cronan, 171 Ky. 254, 188 S. W. 357, 358, it was said:

"The title of the act does not contain any intimation or suggestion that it was intended by the act to provide for registration outside of cities and towns, nor does the section of the statute proposed to be amended contain any matter relating to registration outside of cities or towns. If a person should read the title of this act by itself or in connection with section 1486 of the statutes, it would reasonably and naturally occur to him that the amendatory act contemplated some amendment to

the registration laws of the state in cities and towns. He would have no reason to suspect by reading the title alone or in connection with the section sought to be amended that the act did not, in fact, amend the registration laws of the state in respect to cities or towns, or that it did, in fact, extend registration to country districts outside of any city or town. It is true that the body of the act relates to registration, but not to registration in any city or town, while the title of the act reasonably and naturally conveys the meaning that the amendment was intended to change the law relating to registration in cities or towns only.''

In Henderson Bridge Company v. Alves, 122 Ky. 46, 90 S. W. 995, 28 Ky. Law Rep. 994, the validity of an act of the General Assembly passed in 1900, c. 29, was questioned. The title of the act was ''An Act to amend and re-enact an act approved March 19, 1898, entitled 'An Act concerning the assessment and valuation for taxation of corporate franchises and intangible property by cities of the first and second class.' '' The provisions of the 1898 act were extended by the act of 1900 to include cities of the third class. The title of neither act referred to cities of the third class and gave no notice that such cities were affected in any way. It was held that the amendatory act violated section 51 of the Constitution and was invalid.

The instant case cannot be distinguished in principle from the Ogden and Henderson Bridge Company Cases. The act of 1920 relating to a state athletic board of control purported to, and did, deal only with the duties and powers of such board relative to licensing and regulating the holding of boxing and sparring contests in this state. The title of the original act did not indicate that the act dealt with the general subject of athletic contests, but it specifically restricted the purpose of the act to a certain branch of the general subject. One reading the titles of the two acts and the body of the amended act would have no reason to suspect that the provisions of the 1920 act were being extended to include wrestling contests or exhibitions. To hold that the body of the amendatory act must be read to ascertain the subject dealt with would nullify section 51 of the Constitution in so far as amendatory acts are concerned.

We conclude that chapter 153 of the Acts of 1928 violates section 51 of the Constitution and is invalid, and, the judgment of the lower court being in accord with this conclusion, it is affirmed.

The whole court sitting.