Judge Robertson
delivered the opinion of the Court.
The only question which the record in this case presents for decision is, whether a note given ^o the attorney general, for defending a person in a criminal prosecution in a circuit court, is collectable by law ?
This question must be answered by ascertaining the duties aud rights of the attorney general. If the ^aw'» or the nature of his official duties, prohibit his appearing in any case against the Commonwealth, a contract made in consideration of his so appearing, wouW be void. But if he can, without violating any of hjs official duties to the Commonwealth, defend a criminal in the circuit court, a promise to pay him f°r his professional services, in such a case, may be enforced.
The duties of the attorney general are prescribed by law. By an act of 1798, it is made his duty to examine into all cases of mandamus, in the inferior courts, in which the Commonwealth maybe interested, and to prosecute appeals from decisions upon them, when he shall deem it advantageous to the state to. do. so.
By an act of 1792, he is made the official counsellor of the auditor, and by that of 1799, he is required to advise the register.
By an act qf 1802, it is provided as follows; “Hereafter it shall be the duty of the attorney general, to attend the court of appeals, general court and federal court for the Kentucky district, as counsel for the Commonwealth; and shall give counsel to the different officers of government, when called on for that purpose, as heretofore.”
From this brief survey of the duties of the attorney general, it appears that he is the official counsellor of certain officers of the government, when asked for advice; and that in certain cases of mandamus, and in all cases in the court of appeals, general court and *151 federal district court, in which the Commonwealth may be interested, he is officio,” her counsel. His obligations to the Commonwealth extend no farther. Within this prescribed sphere, he cannot undertake any professional service, against the Commonwealth.
But he is not the attorney for the Commonwealth, in all cases and in all courts. It is not bis duty to prosecute criminals in the circuit courts. His ap-pearingfor persons prosecuted in the circuit courts, therefore,is not incompatible with his official obligations to the Commonwealth.
We would be inclined to the opinion, that an attorney for the Commonwealth in one circuit, might defend a criminal in another. It might be indiscreet to do so; but the right to do it, is quite another question. The reason for allowing the attorney general to appear against the Commonwealth, in a circuit court, is much stronger. He is not the attorney of the Commonwealth in any circuit court in the state.
There is a class of cases which may be brought to this court, and in which it would be the duty of the attorney general to represent the Commonwealth here. This does not affect his right to appear on either side, in the circuit court, in other cases which cannot come here. He is bound to defend the rights of the Commonwealth here, with diligence and fidelity.
It could not be expected, therefore, that in such a case, he would take a fee against the Commonwealth, in the circuit court. As a prudent man, regardful of character, the proprieties of his office, and dignity of his profession, he would never'place himself in so embarrassing an attitude. If he appear for the Commonwealth, whenever and wherever she has a right to demand his services, and shall discharge his duty faithfully, she can require, and ought to expect, no more.
The record does not show what kind of criminal prosecution that was, for appearing in which, the note was given.
Monroet for plaintiff; Cunningham, for defendant!
We are, therefore, of opinion, that the attorney general may collect a fee promised to him for defending a criminal in a circuit court, if he, on his own responsibility, choose to appear against the Commonwealth. Whether as a prudent man and exemplary citizen, he ought ever to take a fee against the state, is a question for his own decision. This court cannot advise him, nor will it approve or rebuke.
As the circuit court decided that the note for the fee promised to the attorney general, in this, was void* and nothing appears to us which can render it void, the judgment must be reversed, and the cause remanded for a new trial.