## THE ATCHISON, TOPEKA AND SANTA FE R. R. Co. v. THE PEOPLE EX REL. ATT'Y-GENERAL.

1. It is a general rule that when the statute provides a remedy to test the right to exercise a franchise or office, it is exclusive of all other remedies.

2. An action for the usurpation of an office or franchise is a civil action under the Code of this State, and must be governed by the rules applicable thereto; must be instituted by filing a complaint and issuing a summons, and proceeded with the same as any other action.

3. Section 1103 of the General Laws limits the duties of the Attorney-general to State cases instituted or pending in the Supreme Court of the State. His duty to appear in State cases in inferior courts, would be obligatory only when required to do so by the Governor or General Assembly.

4. It is the duty of the district attorneys to appear in the District Courts of their respective districts on behalf of the State. (Gen. Laws, section 895; Code, section 260.)

5. Where, by statute, authority is given to a particular officer, its exercise by any other officer is forbidden by implication.

*Error to District Court of El Paso County.*

Mr. G. B. REED, Mr. WILLARD TELLER, and Mr. Charles E. GAST, for plaintiffs in error.

Attorney-general, CHARLES W. Wright, for defendants in error.

ELBERT, J. This is a proceeding by information in the nature of a *quo warranto* upon the relation of the Attorney-general in behalf of the State against the Atchison, Topeka & Santa Fe railroad, for the alleged usurpation of a corporate franchise.

Some of the questions made are disposed of by the decision in the case of the *Central & Georgetown Road Company* v. *The People*, decided at the April term. It was there held (1), that whatever the form of the action prescribed by the General Assembly to remedy the usurpation or misuse of a corporate franchise or public office, whether by information in the nature of a *quo warranto*, or by the ancient writ of *quo warranto*, or by a complaint under the Code in a civil action, the objects to be obtained are identical, and the proceeding is in substance civil, instituted for the determination of purely civil rights; (2), that chapter 25 of the Code, concerning "actions for the usurpation of an office or franchise," is free from any constitutional objections arising from section 20, article 5, of the constitution; (3), that under the Code the proceeding to remedy the usurpation or misuse of a franchise, is by civil complaint and summons.

It is insisted, however, that notwithstanding the provisions of chapter 25 concerning actions for the usurpation of an office or franchise, the proceeding by information, in the nature of *quo warranto*, still remains, and may be pursued, as at common law.

That this position is without foundation, we think clear. A leading term of all Code reform, is the abolition of common law forms of actions, and the establishment of a single, simple and universal remedial procedure called a "civil action," by which rights shall be maintained and duties enforced. The Code commences with the declaration "that the distinctions between actions at law and suits in equity, and the distinct

forms of actions and suits heretofore existing are abolished, and there shall be in this State but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, which shall be the same at law and in equity, and which shall be denominated a civil action, and which shall be prosecuted and defended as prescribed in this act."

Section 48 declares " that the mode of pleadings in civil actions and the rules by which the sufficiency of the pleadings shall be determined shall be as prescribed in this act and not otherwise."

These provisions leave no doubt of the mandatory character of the procedure prescribed by the Code in lieu of the ordinary common law forms of actions, such as assumpsit, debt, covenant, ejectment, etc., etc.

The Legislature having, in chapter 25 of the Code, provided for " actions for the usurpation of an office or franchise," and having repealed by the same act, chapter 73 of the revised statutes, authorizing proceedings by information in the nature of *quo warranto*, a clear intent is manifested not to give a cumulative remedy, but to replace the common law proceeding by that prescribed by the Code. The repeal implies a negation.

It is a general rule that where a statute provides the remedy to test the right to exercise a franchise or office, it is exclusive of all other remedies. 2 Potter on Corp. Sec. 665; *Palmer* v. *Foley*, 36, Superior Court Rep. (N. Y.) 14. An action for the usurpation of an office or franchise, therefore, is a civil action under the Code of this State, and must be governed by the rules applicable thereto; must be instituted by filing a complaint and issuing a summons, and proceeded with the same as any other civil action.

When common law forms contain the allegation necessary to support any particular cause of action, they may be used, provided they comply with the provisions of the Code, and state the facts constituting the cause of action in ordinary and con-

cise language. The information in this case is in the form heretofore usually adopted when the proceeding was by information in the nature of *quo warranto*, and is but the statement of legal conclusions according to an ancient form. Of such an information in the case of *The Central and Georgetown Road Company* v. *The People*, cited *supra*, the court says : "Doubtless the mere statement of legal conclusions, with the demand that defendant show by what authority it exercises a franchise such as was anciently tolerated, when the proceeding was by information in the nature of *quo warranto*, would not be sufficient under the Code. The writ is also the ancient citation, to show by what authority, etc., and can in no wise be regarded as the equivalent of the summons required by the Code. It does not state the county in which the complaint is filed, or that it is filed at all; nor does it sufficiently state the cause and general nature of the action, as is contemplated by the Code."

These objections were taken by the motion to quash the writ, and should have been sustained.

Another objection taken by the motion to quash, was that the Attorney-general of the State had no power to institute the proceeding.

The duties of the Attorney-general are prescribed by the General Statutes, sections 1,103 to 1,108 inclusive. Section 1,103 provides: "The Attorney-general shall attend in person at the seat of government during the session of the General Assembly and the Supreme Court, and shall appear for the State, prosecute and defend all actions and proceedings, civil and criminal, in which the State shall be a party or interested, when required to do so by the Governor or General Assembly, and shall prosecute and defend for the State all causes in the Supreme Court in which the State is a party or interested."

This section limits the duties of the Attorney-general to State cases instituted or pending in the Supreme Court of the State, unless it can be said the second clause of the section is intended to include State cases pending in inferior courts.

But if this construction be given it, the duty of the Attorney-general to appear in State cases pending in inferior courts would still be obligatory, only when required to do so by the Governor or General Assembly. There is no claim that the Attorney-general in this case instituted the proceedings by request, either of the Governor or General Assembly. In our view the proceeding should have been instituted, if at all, by the district attorney of the particular district at his own instance, or upon the complaint of any private party. With this view, both the provisions of the general laws and the Code harmonize. Article 6, section 21, of the Constitution, says: "There shall be elected, by the qualified electors of each judicial district, at each regular election for judges of the Supreme Court, a district attorney for each district, whose term of office shall be three years, and whose duties and compensation shall be as provided by law."

Section 895 (page 347, General Laws) is as follows: "Every district attorney shall appear in behalf of the State and the several counties of his district in all indictments, suits and proceedings which may be pending in the district court, in any county within his district, wherein the State or the people thereof, or any county of his said district, may be a party," etc.

The provisions of chapter 25 of the Code, section 260, is as follows: "An action may be brought by the district attorney in the name of the people of this State, upon his own information, or upon the relation and complaint of a private party against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within his district in the State, and it shall be the duty of the district attorney to bring the action whenever he has reason to believe that any such office or franchise has been usurped, intruded into, or unlawfully held or exercised by any person, or when he is directed to do so by the Governor, and in case such district attorney shall neglect or refuse to bring such action upon the complaint of a private party, such action

may be brought by such private party upon his own relation in the name of The People of the State."

Where, by statute, authority is given to a particular officer, its exercise by any other officer is forbidden by implication. Potter's Dwarris on Stat. 72,270. *State* v. *Hastings*, 10 Wis. 525; *Conroe* v. *Bull*, 7 Wis. 354.

The third objection made by the motion to quash the writ and dismiss the information was therefore well taken, and the court erred in overruling it. We do not consider it necessary to consider other questions raised by the record.

The judgment of the court below is reversed, and the cause remanded, with directions that the proceedings be dismissed.

*Reversed.*