344　　　　　.KENTUCKY REPORTS.　　　[Vol. 100

Rogers v. Bradley, Governor, etc.   Julian v. Same.

CASE 50—AGREED CASES—JAN. 6.

# Rogers v. Bradley, Governor, etc.
# Julian v. Same.

APPEALS FROM FRANKLIN CIRCUIT COURT.

1. ATTORNEY-GENERAL—AUTHORITY TO EMPLOY COUNSEL.—Under the provisions of section 114 of the Kentucky Statutes which make it the duty of the Attorney-General to "investigate the condition of all unsatisfied claims, demands and judgments in favor of the Commonwealth and take all necessary steps by motion, action or otherwise, to collect or cause the same to be collected and paid into the treasury," and authorizing him to this end to "employ such assistants and attorneys in the various counties as may be necessary to aid him in such investigation or collection," he has the authority to employ attorneys in the various counties of the State to assist in the collection of "unsatisfied claims, demands and judgments," in favor of the Commonwealth, although suits thereon may be brought or pending in the Franklin Circuit Court. And this authority is in no wise restricted by the provisions of the succeeding section (115) declaring that the Governor shall not employ counsel to represent the Commonwealth when "it is the duty of the Attorney-General to represent her, unless the Attorney-General is sick or otherwise unable to represent the Commonwealth, and requests in writing the employment of assistants for the time being," nor by a succeeding clause of that section providing, "Nor shall any other State official employ counsel to represent the Commonwealth in any action in which the Commonwealth is interested, which may be brought or pending in the Franklin Circuit Court."

T. L. EDELEN FOR ROGERS.

An examination of the history of legislation in this State with ref-
erence to the powers of State officials to employ counsel, makes it
entirely clear that section 114 Kentucky Statutes is intended to
be a general provision, and that section 115 is intended to be
merely restrictive of the powers of the Governor, auditor, etc.
(Kentucky Statutes, sections 113, 114, 115, 118; General Statutes,
Ed. 1887, pp. 186 et seq.)

2. The present statute is the same in substance and meaning as the
former statute on the subject, there being only a slight change in
the language; the mere change of phraseology will not be con-
strued as a change of the law, unless such phraseology evidently
intended to work such a change.   (Overfield v. Sutton, 1 Met., 621;
Allen v. Ramsey's Heirs, 1 Met., 635; 24 Wendell, 47; Lee v. For-
man, 3 Met., 114; McDonald v. Henry, 110 U. S., 619; Amer. and
Eng. Ency. of Law, Vol. 23, p. 373, and authorities there cited.)

3. If the proper construction of a statute be in doubt, that construc-
tion adopted by the officers charged with the duty of administer-
ing it will be followed on the doctrine of contemporaneous con-
struction.   (Clark's Run., etc.; T. P. Co. v. Com., 96 Ky., 528, and
authorities there cited.)

REID ROGERS FOR SAME.

1. The whole of section 115, Kentucky Statutes, is a limitation—not
upon the power of the Attorney-General to employ counsel when
he deems it necessary—but upon that of the Governor, giving him
the right to do so only when the Attorney-General is sick, etc.;
and is an absolute prohibition against other State officers usurp-
ing the functions of the Attorney-General in this respect under
any circumstances.   The whole section was obviously intended to
protect the rights of the Attorney-General in employing associate
counsel, which had been given him by the preceding section.

2. It is a fundamental principle of statutory interpretation that that
construction of two apparently conflicting statutes is to be adopted
that gives full effect to both, and not that which necessitates a
partial repeal or abrogation of the one or the other.   The con-
struction contended for by appellants gives full effect to both sec-
tions 114 and 115, viz.: That the former gives full power to the
Attorney-General as to the employment of assistants, and the
other is purely restrictive of the rights of other State officials, as,
to employment of attorneys.

HOLT & HOLT for Julian.

1. Sections 114 and 115 of the Kentucky Statutes are merely codifications of the previous acts upon the subjects to which they relate, with the addition that section 114 enlarged the power of the Attorney-General and section 115 restricted the power of the Governor. This construction gives effect to all of both sections—the contrary construction, in effect, strikes out section 114.

2. When section 115 says "nor shall any other State official employ counsel to represent the Commonwealth in any action in which the Commonwealth is interested, which may be brought or pending in the Franklin Circuit Court," it means other than the Governor and Attorney-General, the one having general power as set out in section 114, and the other restricted power under the provisions of section 115.

IRA JULIAN for same.

1. The construction contended for by the appellee abrogates all authority given the Attorney-General by section 114, whereas the more rational construction claimed by appellant that section 114 gave general power to the Attorney-General and section 115 restricted the power of the Governor, gives effect to both sections.

2. Both the Governor and Auditor in office at the time, knew that the Attorney-General had employed assistant counsel in the cases for which fees are sought to be collected, and made no objection, and the State accepted the money realized by reason of the rendition of the services, and thereby ratified the employment, and is estopped to deny the authority of the Attorney-General. (Amer. and Eng. Enc. of Law, Vol. 19, pp. 512-513; Herman on Estoppel, Vol. 2, secs. 1082-3-4.)

S. H. STONE for appellee.

1. An examination of the various sections of the statute makes it perfectly plain that the Governor has the right, except in Franklin county, to employ counsel to assist the Commonwealth's attorney in civil cases in the various circuit courts of the State, and to employ counsel in Franklin county when the Attorney-General is sick or unable to act and requests assistance in writing; and that the Attorney-General may employ attorneys in the various counties, outside of Franklin county, when he needs assistance in the investigation of unsatisfied claims, demands and judgments.

W. S. TAYLOR of counsel on same side.

Rogers v. Bradley, Governor, etc.   Julian v. Same.

W. O. BRADLEY IN PETITION FOR REHEARING.

1. A court is not authorized, unless the language used be explicit and unambiguous, to so construe a statute as to give a public officer or agent unrestricted power to appropriate or expend public money.   (Board of Health v. Stone, 18 Ky. L. R., 456.)

   The construction given the statute in question by the opinion of the court seems to give the Attorney-General unlimited power in employing counsel, even to the extent of shifting his own public duties upon others at the expense of the State.

2. There is no safer or more unerring rule of construction than to ascertain the mischief attempted to be remedied by the statute. A study of the legislation on the subject, and a knowledge of how the fees and expenses of the Attorney-General's office had increased, is convincing that the purpose of the present statute was to correct all the evils which had arisen under the previous statutes.

3. When the law-makers used the language in section 115, in connection with defining the powers of the Governor to employ counsel, "nor shall any other State official employ counsel to represent the Commonwealth in any action in which the Commonwealth is interested, which may be brought or pending in the Franklin Circuit Court," it did not mean any other State official than the Governor and Attorney-General, because that section was dealing alone with the powers of the Governor, and does not even mention the power of the Attorney-General in that respect. But that provision was inserted for the purpose of forcing the Attorney-General to attend to all business in the Franklin Circuit Court, which is at the seat of government where he is compelled to reside, unless he should be sick or otherwise unable to do so.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT:

Ira Julian and Reid Rogers were, after the 10th day of October, 1892, employed by the Hon. W. J. Hendrick, attorney-general, to assist him in the preparation and trial of cases brought by the Commonwealth of Kentucky on claims or demands in her favor, on which there was a recovery and which resulted in the payment of large sums into the treasury of the State.

These actions were brought for the purpose of com-

pelling the auditor and governor to fix and agree upon their fees for the services indicated.

The question involved in these cases is as to the authority of the attorney-general to employ attorneys to assist in the investigation of the condition of "all unsatisfied claims, demands and judgments in favor of the Commonwealth," and to take necessary steps, by motion, action or otherwise, to collect or cause the same to be collected and paid into the treasury.

Section 114, Kentucky Statutes (section 18, article 2, Acts 1891-2-3, page 262, which act passed October 10, 1892), refers to the attorney-general, and is as follows, to-wit: "He shall investigate the condition of all unsatisfied claims, demands and judgments in favor of the Commonwealth, and take all necessary steps, by motion, action or otherwise, to collect or cause the same to be collected and paid into the treasury; and to this end he may employ such assistants and attorneys in the various counties as may be necessary to aid him in such investigation or collection. The fees of such assistants as he may have shall be fixed and agreed upon by the auditor and governor, be paid out of the State treasury, and shall in no case exceed thirty per cent. of the amount recovered and paid into the treasury, and, provided the thirty per cent. shall not amount to three thousand dollars and more, the fee shall be limited to three thousand dollars, and no fee shall, in any case, be allowed or paid, except out of the amount recovered and paid into the treasury, unless that portion belonging to the Commonwealth is remitted by the governor."

It seems to us that the language of this section is so plain and comprehensive that there can not be the slightest doubt that the attorney-general has the authority to employ attorneys in the various counties of the State to assist in the collection of "unsatisfied claims, demands and judgments" in favor of the Commonwealth by suit or otherwise.   It does not except the county of Franklin, nor does it restrict the employment in courts other than the Franklin Circuit Court. In fact he has the right to employ assistants and attorneys to render services in the collection of such claims, demands or judgments, even if no suit or proceeding is instituted to enforce the collection.

The section does not relate to the subject as to where actions shall be brought to enforce the collection of such claims, demands and judgments, but is conferring authority on the attorney-general to employ assistants and attorneys to render more effective his efforts to collect the unsatisfied claims, demands and judgments in favor of the Commonwealth.

Some of the actions or proceedings might be in the Franklin Circuit Court, and perhaps some in other jurisdictions.     Barring the amount that might be involved, it may be just as important that the attorney-general should have assistants and attorneys in a proceeding in the Franklin Circuit Court as in any other court of the State.   Besides, the action may be brought in the Franklin Circuit Court, yet the principal part of the work of preparing the case for trial may be required to be done in some county far distant from the seat of government.

350          KENTUCKY REPORTS.          [Vol. 100

Rogers v. Bradley, Governor, etc.   Julian v. Same.

It is insisted that the governor alone had the authority to employ appellants so as to render the State liable for their fees.

It is claimed that section 115, Kentucky Statutes (section 19, act of date October 10, 1892, Acts 1891-2-3, page 263), sustains that contention.

This section declares that the governor shall not employ counsel to represent the Commonwealth when it is the duty of the attorney-general to represent her, unless the attorney-general "is sick or otherwise unable to represent the Commonwealth, and requests in writing the employment of assistants for the time being."

This language does not in anywise restrict the power of the attorney-general to employ attorneys, as provided in section 114, nor does it attempt to confer a general power upon the governor to employ counsel to represent the Commonwealth.

Section 114 confers authority upon the attorney-general to employ attorneys to collect "unsatisfied claims, demands and judgments," while the governor may employ counsel to represent the Commonwealth in any case, regardless of its character, if, under the law, it is the duty of the attorney-general to represent the Commonwealth in it, providing the attorney-general is sick or otherwise unable to represent her for the time being, and makes the request as stated.

Under section 114 the attorneys employed by the attorney-general can only be allowed or paid "out the amount recovered and paid into the treasury," unless

that portion belonging to the Commonwealth is remitted by the governor. In other words, their fees depend upon the contingency that they succeed in having the claim, demand or judgment paid into the treasury.

Under section 115 counsel which the governor employs, on the attorney-general's request in writing, is paid out of the treasury on the voucher of the governor, regardless of the fact that no amount may have been paid into the treasury as a result of the services of the counsel so employed.

It is perfectly manifest why this difference is made as to the payment of counsel whom the governor employs and the attorneys whom the attorney-general employs.

When the governor employs counsel it may be only until the attorney-general recovers from his illness or until he can again represent the Commonwealth. Besides, the counsel may be employed in a case to represent the Commonwealth when the Commonwealth is not seeking to recover money.

In matters wherein the attorney-general is authorized to employ attorneys to assist, the claim may be stale or the right to recover doubtful, or the collection of the judgment may be questionable, therefore, the General Assembly made the fees payable on the contingency that the claim or judgment was paid into the treasury.

Language as follows, to-wit: "Nor shall any other State official employ counsel to represent the Commonwealth in any action in which the Commonwealth is

352            KENTUCKY REPORTS            [Vol. 100

Rogers v. Bradley, Governor, etc.  Julian v. Same.

interested, which may be brought or pending in the Franklin Circuit Court," appears in section 115.

When it is said that no "other State official" shall employ counsel to represent the Commonwealth in any action brought or pending in the Franklin Circuit Court it can not be contended that there was an intention to take from the attorney-general the express authority given in section 114 and give to the governor the authority thus taken from the attorney-general, especially when the governor is given, by the general terms used, a limited, conditional authority.

Article 2, Acts 1892, prescribes the duty of the attorney-general and vests him with certain authority to employ counsel, and the language conferring authority upon the governor is used to restrict rather than to increase the authority of the governor, and as to other State officials it is prohibitory.

The language used as to "other State officials" was intended to correct some existing abuse of authority of "other State officials," or to prohibit such abuse as might arise.  We can not believe for an instant that the General Assembly in one section gave the attorney-general express authority to do a thing, and in the next section deprived him of it.

So when the General Assembly declared that other State officials should not employ counsel it meant State officials other than the attorney-general and the governor.  Had the General Assembly intended that the attorney-general should not employ attorneys to assist him in the Franklin Circuit Court it would have said so in terms.

It may be well to review briefly the legislation on the subject under discussion.

By the act of February 24, 1873 (General Statutes, page 187), the governor was given power to employ counsel to represent the Commonwealth in all actions and proceedings in the courts of this or any other State, or the courts of the United States, to which the Commonwealth was a party, or in which she had an interest, and for the defense or prosecution of which "provision is not otherwise provided by law."

Evidently there had been some conflict of authority, so the General Assembly passed an act March 18, 1876 (General Statutes, page 188), and by which it was declared that it should not be lawful for the governor to employ counsel to represent the State in any case when it was the duty of the attorney-general to do so under section 2, article 5, chapter 5, except when the attorney-general should be "sick or otherwise be unable" to represent the Commonwealth.

This act prohibited the auditor and sinking fund commissioners from employing counsel to represent the State.

This act was followed by the act of April 24, 1880, which gave the attorney-general the authority to employ attorneys to represent the Commonwealth in the collection of judgments.

The act of October 10, 1892 (section 114), enlarges the authority of the attorney-general in the matter of employing counsel, and the conditions of compensation is changed; otherwise it is substantially the same as the act of 1880 *supra.*

354 KENTUCKY REPORTS. [Vol. 100

Rogers v. Bradley, Governor, etc. Julian v. Same.

By the terms of the act of 1880, just referred to, the attorney-general was authorized to employ attorneys in the various counties of the Commonwealth. No intimation that he could not do so in the Franklin Circuit Court.

The language conferring authority upon the attorney-general to employ attorneys is exactly the same in the act of 1880 and the act of 1892 (section 114), which is as follows: "And to this end he may employ such assistants and attorneys in the various counties of this Commonwealth as may be necessary to aid him."

Twice has the General Assembly declared the attorney-general was authorized to employ attorneys to assist him in the "various counties" of the Commonwealth.

While the act of 1892 increased the authority of the attorney-general in the matter of employing attorneys, it has lessened, qualified and limited that of the governor in employing counsel to represent the Commonwealth.

When it was declared in the act of 1892 that no "other" State official should employ counsel the General Assembly had in view sections 2 and 3 of the act of 1876 *supra*, which declared the auditor and commissioners of the sinking fund should not employ counsel, etc., and further that the prohibition should apply generally to the State officials with the exception of those upon whom the authority was granted.

The judgments are reversed, with direction that

further proceedings be had in conformity with this opinion.