## Montgomery, et al. v. Gayle.

(Decided November 16, 1926.)

### Appeal from Franklin Circuit Court.

1. Highways—State Highway Commission Held Unauthorized Under Act to Appoint Special Legal Adviser, Power Therefor Being Denied by Statute Defining Powers and Duties of Attorney General (Acts 1924, c. 290, Sections 13, as Amended by Acts 1926, c. 195, Sections 1-3; Ky. Stats. 1922, Sections 112-1 to 112-8).—State highway commission, empowered under Acts 1924, c. 290, sections 1-3, as amended by Acts 1926, c. 195, sections 1-3, to do all things necessary to maintenance and construction of roads except where power was by that act or another statute denied or restricted, held unauthorized to appoint special legal adviser, since power to represent the commonwealth or department thereof was vested in the Attorney General under Ky. Stats. 1922, sections 112-1 to 112-8, and under section 112-5 no special attorney could be appointed unless emergency existed within Attorney General's opinion.

2. Attorney General—Act Creating State Highway Commission Held Not to Repeal Statute Empowering Attorney General to Represent Commonwealth or Departments Thereof (Acts 1924, c. 290, Sections 1-3, as Amended by Acts 1926, c. 195, Sections 1-3; Ky Stats. 1922, Section 112-5).—Acts 1924, c. 290, sections 1-3, as amended by Acts 1926, c. 195, sections 1-3, creating state highway commission, held not to repeal by implication Ky. Stats., 1922, section 112-5, empowering Attorney General to represent commonwealth or department thereof in legal matters, since act of 1926 expressly provided that restrictions of section 112-5 should remain in force.

CHAS. F. CREAL for appellants.

CHAS. H. MORRIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

The State Highway Commission (so designated by
chapter 195, Acts of 1926, page 825) is composed of W. C.
Montgomery, R. W. Owen, W. C. Hanna and E. S. Hel-
burn, and we will hereafter refer to it as the "Commis-
sion." It adopted and entered on its records, on Sep-
tember 28, 1926, an order directing its engineer, the de-
fendant, E. N. Todd, to employ the defendant, Overton S.
Hogan, as the standing attorney and legal adviser of the
commission, and fixed his salary at $4,000.00 per annum.
Before the engineer carried out the directions of that
order this equity action was filed by the appellee (plain-
tiff) in the Franklin circuit court against the commission,
its members, Todd, the road engineer, and Hogan as de-
fendants, for the purpose of enjoining them from execut-
ing the order upon the ground that there was no author-
ity therefor and that if it was carried into effect there
would be an annual expenditure of $4,000.00 of public
funds raised by taxation without authority of law. The
defense was that the terms of chapter 195, *supra,* to
which we shall hereafter refer as the "1926 act," were
broad enough to confer such authority by necessary im-
plication, and its language so relied on was inserted in
the answer, to which a demurrer was filed, which the
court sustained. Defendants declined to plead further
and the court rendered judgment granting the prayer of
the petition by perpetually enjoining the defendants, ex-
cept Hogan, from executing the order, and enjoining
the latter from accepting employment under it or from
collecting or receiving the compensation provided
thereby, and to reverse that judgment defendants prose-
cute this appeal.

Before taking up the merits of the case we deem it
appropriate to say that the court is fully awake to the ur-
gent necessities of such services to the commission. The
great number of contracts to be drawn and other duties
of a strictly legal nature creates an undeniable necessity
for the constant services of an attorney in immediate
touch with the commission and whose entire time would,
no doubt, be required in the performanec of his duties.
There is, therefore, no room to question the propriety of
the order if legal authority therefor existed. But our
task is to determine whether authority is conferred on
the commission by the 1926 act to make such employment

through its engineer or otherwise; or the converse thereof, whether its provisions, expressly or by implication, forbid such employment.

The title of the 1926 act reads: "An act to amend and re-enact sections 1, 2 and 3 of chapter 290 of the Acts of the General Assembly of 1924, approved March 1, 1924, relating to roads and bridges and the State Highway Department; creating a State Highway Commission and fixing their qualifications, duties and compensation; providing for the appointment of an executive inspector for said commission and fixing his compensation, changing the name of said department; providing for appointees and employees and compensation of same; and declaring an emergency." Its first section amends and re-enacts section 1 of chapter 290, Acts of 1924, relating to roads and bridges. It changes the name of the State Department of Public Roads so as to designate it as the "State Highway Commission," and expressly enumerates its powers and duties as well as the qualifications of its members. Section 2 of the same chapter amends and re-enacts section 2 of the same 1924 act, and creates the office of "Executive Inspector" of the commission and fixes his duties and salary. The last literary paragraph of that section says: "The State Highway Commission shall have the legal assistance of the attorney general in any litigation or other legal matter or advice in which the State Highway Department is concerned upon the request of the said commission or the State Highway Engineer." That is the only place in the entire 1926 act wherein reference is expressly made to *legal* services to be rendered to the commission.

Section 3 of the same act amends and re-enacts section 3 of chapter 290 of the Acts of 1924 and enumerates many additional duties imposed on the commission in the preceding sections. Towards the latter part of that section, and after enumerating specific powers and duties of the commission, its engineer and the newly created office of inspector, there is inserted this general language: "In addition to the foregoing enumerated powers and duties, it shall be the duty of the commission to perform any and all other duties imposed upon it by this or any other act, and particularly shall it be its duty to do and cause to be done all things necessary to construct and maintain the system of primary roads now or hereafter designated as such, and where there is no provision

of law covering any necessary thing to be done in the construction and maintenance of said road, it shall do or cause to be done such necessary things in the way and manner best calculated, in its judgment, to accomplish the necessary object, and it is intended that the provisions contained in this act shall not be treated as restrictions on their powers, save as expressly stated or clearly implied, * * * ''

It is earnestly argued and vigorously contended by learned counsel for defendants that under those general powers the commission was vested with the authority to make the appointment here involved; while plaintiff's counsel with equal earnestness insists that the latter part of the last excerpt saying, ''and it is intended that the provisions contained in this act shall not be treated as restrictions on their (the defendants') powers, save as expressly stated or clearly impled,'' withholds the power and authority to make the involved employment because the last literary clause of section 2 of the 1926 act hereinbefore inserted and whereby the commission was authorized to have ''the legal assistance of the attorney general in any litigation or other legal matter or advice in which the State Highway Department is concerned,'' at least created a *clearly implied* restriction upon the power and authority of the commission to employ other standing counsel to be compensated out of the public funds. However, we do not deem it necessary to determine that question and do not do so in this opinion, for the reason that what follows herein clearly demonstrates the correctness of the judgment of the trial court.

Immediately following the *general* language of the 1926 act, hereinbefore inserted, there appears where we have placed asterisks this explanatory language, ''That is to say, it is intended that they (the commission) may do all things necessary in the construction or maintenance of said roads except where the power is by this *or another statute* expressly or by clear implication denied or restricted.'' (Our italics.) It will therefore be seen, and which the legislature specifically so expressed, that no power was attempted to be conferred on the commission by the general language employed in the 1926 act where such power was by that *or any other statute* ''expressly or by clear implication denied or restricted.'' We have hereinbefore dismissed without determination the question as to whether the 1926 act itself, either ex-

pressly or by necessary implication, withheld such power, but it remains to be seen whether it was witheld, denied or restricted by *"another statute."*

Sections 112-115, both inclusive, of the 1922 edition of Carroll's Kentucky Statutes, contain our statutory law with reference to the powers and duties of the Attorney General of the Commonwealth and his assistants, some of which are created by those sections, and which was an act approved March 20, 1908, and is chapter 32, page 85, of the Session Acts for that year. The first section of that act (112-1) says in part: "The attorney general shall be the chief law officer of the Commonwealth and of its departments." Subsequent sections down to the 5th provide for assistant Attorneys General and other matters not relating to the question here involved. Section 5 of the act, which is section 112-5 of the 1922 edition of the Kentucky Statutes, says: "The attorney general and his assistants shall attend to all litigation and business in or out of the state, required of him or them under this act, or other existing law or laws hereinafter enacted, and also any litigation or business that any state officer may have in connection with or growing out of his official duty; and no state officer, board of trustees or the head of any department or institution of the state shall have authority to employ or be represented by any other counsel or attorney at law, unless an emergency arises, which, in the opinion of the attorney general, requires the employment of other counsel, in order to properly protect the interest of the Commonwealth, in which event the attorney general shall, in writing, setting forth the reasons for such employment, request the Governor to employ such additional counsel. Before such employment said written requests shall be filed in the office of the secretary of state, and shall be a public record, and a copy thereof shall be retained and kept on file in the office of the attorney general.

"Before such counsel is employed, his fee and compensation shall be agreed upon and fixed by written contract by the Governor and said counsel, subject to the approval of the attorney general, and copies thereof shall be kept on file in the office of the attorney general and the secretary of state." It will, therefore, be seen that it is therein prescribed that the Attorney General and his assistants, at least a part of whose positions were therein created, "shall attend to all litigation and business in or

out of the state  .  .  .  that any state officer may have in connection with or growing out of his official duty." It is then provided that "no state officer, board of trustees or the head of any department, or institution of the state, shall have authority to employ or be represented by any *other counsel or attorney-at-law*" (our italics), unless an emergency exists within the opinion of the Attorney General, in which case he may certify such emergency to the Governor, who may enter into a contract for the employment.

We had before us that statute in the case of Commonwealth v. Roberta Coal Company, 186 Ky. 394, and therein held, in substance, that no attorney or legal counsel could be employed by the Commonwealth, or any of its officers or departments, except in the manner provided in the 1908 act as set forth in section 112-5, *supra.* We furthermore held in that opinion that the section referred to did not authorize the employment, though done in the manner therein pointed out, except in *specific* cases or matters and, that, although the employment was made in the manner designated by the statute, it would be invalid where it purported to be a general one without the designation of some specific case or cases or some specific matter or matters. We deem it unnecessary to reiterate the reasoning employed in that opinion or to insert excerpts therefrom, since such information may be readily obtained by consulting it. It is sufficient to say that the terms of the statute itself, and especially as interpreted and applied in the Roberta Coal Company case, is "another statute," which expressly denies, restricts and withholds the power of the Commonwealth or any department of the state government to employ *special* counsel as is herein attempted.

But it is insisted that the 1926 act repealed section 112-5, *supra,* insofar as the latter conflicts with the former, but learned counsel is evidently in error in making this contention. The 1926 act makes no reference whatever to the 1908 one or any of its sections, and there can not be an implied repeal when the alleged repealing act expressly incorporates restrictions and limitations upon its general terms that are found in the supposed repealed act. If, therefore, the power herein sought to be exercised is withheld and denied by the 1908 act (as is clearly true), then the 1926 one did not intend to repeal such restrictions but in fact expressly provided that they should continue in force as incorporated restrictions to the gen-

eral powers attempted to be conferred therein. It is, therefore, clear that the legislature did not intend in the latter act to repeal the 1908 one or any part of it, nor did it do so.

We, therefore, conclude that the judgment was proper and it is affirmed. Whole court sitting.