### PEOPLE v. SANTA CLARA LUMBER CO.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. ATTORNEY GENERAL—AUTHORITY—SUBSTITUTION FOR COUNSEL OF STATE BOARD.

Under Laws 1900, p. 63, c. 20, § 222, as amended by Laws 1902, p. 896, c. 334, authorizing the Forest, Fish, and Game Commission in the name of the people, through special counsel, to bring actions to recover damages for trespass on land in the forest preserve, the Attorney General has no right to insist on being substituted as attorney in such an action in place of the special counsel for the board.

2. SAME—INTERVENTION.

Laws 1900, p. 63, c. 20, § 222, as amended by Laws 1902, p. 896, c. 334, authorizing the Forest, Fish, and Game Commission by special counsel to sue in the name of the state for trespass on lands in the forest preserve, and Executive Law, Laws 1892, p. 1697, c. 683, § 52, prescribing the duties of the Attorney General, were not entirely antagonistic, so that the Attorney General both under the executive law and pursuant to the general duties pertaining to his ancient office was authorized to call the court's attention to the fact that the property of the state was being lost through the collusive and unlawful action of the Forest, Fish, and Game Commission or its officers by means of an illegal and unauthorized judgment against the state in an action for damages for trespass on land in the forest preserve entered on stipulation, in which the commission consented to a judgment sustaining an alleged adverse title in the defendant.

Appeal from Special Term, Franklin County.

Action by the people against the Santa Clara Lumber Company. From an order denying the motion of the Attorney General to vacate and set aside a judgment rendered against the state on a stipulation by the Forest, Fish, and Game Commission by which the action was brought (55 Misc. Rep. 507, 106 N. Y. Supp. 624), the people appeal. Reversed, and motion remitted for hearing on the merits.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William S. Jackson, Atty. Gen. (William F. Mackey, of counsel), for the People.

John K. Ward, for the Forest, Fish, and Game Commission.

Badger & Cantwell (J. P. Badger, of counsel), for respondent.

JOHN M. KELLOGG, J. Upon affidavits alleging that this action was brought by the Forest, Fish, and Game Commission by its special counsel to recover damages for trespass upon land in the forest preserve, and that the defendant set up an answer justifying its act under an alleged adverse title, and that thereupon the commission, by stipulation with the defendant, allowed judgment to be taken against the

state, dismissing the complaint upon the merits, adjudging that the state was not the owner of said land, when in fact all the parties to said stipulation well knew that the state was such owner, that said stipulation further provided for the conveyance by the defendant to the state of certain other lands, and that the Forest, Fish, and Game Commission had no authority or right to enter into such stipulation or consent to said judgment, the Attorney General asks that he be substituted as attorney for the plaintiff in said action, and that said stipulation and judgment be vacated as illegal, unauthorized, and against the true rights and interests of the state. The Special Term denied the motion, but without prejudice to the renewal thereof upon the part of the plaintiff to vacate the judgment upon the same or different papers. The opinion filed shows that said motion was denied upon the ground that the Attorney General had no right to make it.

For the purpose of determining the right of the Attorney General to make the motion, we must assume that the allegations in the moving papers are true. The Attorney General is a constitutional officer, but his principal duties are from time to time defined by statute. We cannot agree with him that he alone is authorized to represent the state as attorney in bringing actions in the name of the people of the state. The statutes from time to time define the rights, the duties, and the authority of the different state boards, as well as of the Attorney General, and, where permitted by statute, such boards may bring actions in the name of the people by special counsel employed by them. The Forest, Fish, and Game Commission, by section 222, c. 20, p. 63, Laws 1900, as amended by chapter 334, p. 896, Laws 1902, which statute was in force at the time of the commencement of this action, May 31, 1904, is authorized, in the name of the people, through special counsel, to bring actions to recover damages for trespass on lands in the forest preserve. The action was therefore properly brought, and the Attorney General has not the right to insist upon being substituted as attorney in place of the special counsel acting for said board. The executive law at section 52 (chapter 683, p. 1697, Laws 1892, as amended by chapter 68, p. 162, Laws 1894, and chapter 821, p. 648, Laws 1895, and chapter 179, p. 322, Laws 1904) defines the duties of the Attorney General, and, among other things, provides that:

"The Attorney General shall prosecute and defend all actions and proceedings in which the state is interested, and have charge and control of all the legal business of the departments and bureaus of the state, or any officer thereof, which requires the services of an attorney or counsel in order to protect the interest of the state, but this section shall not apply to any of the military departments, bureaus, or military officers of the state."

The office of Attorney General is an ancient one, and in England and in this country, from the earliest times, such officer, as the chief legal officer of the state, has performed certain duties and exercised certain authority which in terms may not definitely be prescribed by statute. The general law officer of the state, therefore, charged by the above statute and by the general duties of his office as the attorney for the state, is a proper person to bring before the court a consideration of the right of a state board to make such stipulation and permit

such judgment to be entered. If the contention of the Attorney General is right, it is evident that the court, directing judgment on such stipulation, was misled by the stipulation, was not informed of the facts, and acted upon the assumption that the board was acting within its authority. It is quite probable that any officer of the court, perhaps any taxpayer of the state, who discovers that a state board is exceeding its authority and disposing of the state's property without right and under color of a judgment of the court improperly obtained, may apply to the court, and ask that its judgment shall not be used for such purpose, and that such stipulation and judgment be vacated. It is unnecessary, however, to consider that question, for it seems evident that the Attorney General is well within the performance of his official duty when he asks the court to pass upon the regularity of such proceedings and to vacate such judgment and stipulation if improperly made. Section 52 of the executive law (Laws 1892, p. 1697, c. 683) and section 222 of the forest, fish, and game law (Laws 1900, p. 63, c. 20) are not entirely antagonistic. While the commission has the right to prosecute an action for trespass upon lands in the forest preserve by special counsel, it may well be said that the Attorney General still has such charge and control of the legal business of the departments and bureaus of the state and the officers thereof that he may bring the attention of the court to the fact that the property of the state is being lost to it by the collusive and unlawful action of such board or officers, and that they have improperly obtained a judgment of the court for that purpose. I think, therefore, that the right of the Attorney General to make this motion may be found, not only by reading these statutory provisions together, but also in the general duties pertaining to his office.

The order should be reversed and the motion remitted to the Special Term for hearing upon its merits, without costs. All concur.