[No. 25452. *En Banc.* July 1, 1935.]

THE STATE OF WASHINGTON, *Respondent,* v. V. GATTAVARA *et al., Appellants.*[1]

[1]Reported in 47 P. (2d) 18.

*Arthur E. Griffin,* for appellants.

*Edw. S. Franklin, V. D. Bradeson,* and *Daniel Baker,* for respondent.

*The Attorney General* and *J. A. Kavaney, Assistant, amici curiae.*

HOLCOMB, J.—This action was instituted in the name of the state of Washington for and on behalf of the state department of labor and industries, to collect industrial insurance and medical aid delinquent premiums and statutory penalties from appellants for the benefit of the state workmen's compensation fund.

In its first cause of action, penalties in the aggregate of nine hundred dollars were claimed in the complaint; in its second cause of action, five hundred dollars were demanded; in its third cause of action, $2,996.40; in its fourth cause of action, $52.50; and in its fifth cause of action demanded an examination of the payroll books of appellants. At the same time, an affidavit

was filed for the issuance of writs of garnishment against five certain concerns, averring that they were believed to be indebted to appellants or had in their possession or under their control personal property or effects belonging to appellants.

On the affidavit, writs of garnishment were issued against the several garnishee defendants. The affidavit for garnishment was made and sworn to by Edw. S. Franklin, who deposed that he was one of the attorneys for respondent in the principal action. The complaint and summons in the principal action were signed by Edw. S. Franklin, V. D. Bradeson and Daniel Baker.

A motion was made by appellants to quash the summons and dismiss the case because it was not brought by the *Attorney General* or by anyone authorized by law to bring or maintain the action; and to quash the garnishment proceedings.

On the trial by the court without a jury, it found and concluded in favor of respondents only on its second cause of action for the recovery of two hundred dollars by way of penalty for failure to submit an estimate of the payroll and make payment thereon when work began, and dismissed all other causes of action.

On appeal, appellants assign six errors, but only three of them will be necessary to discuss, namely: in refusing to quash the service of summons and the garnishments and in entering any judgment against appellants. The rest will be disposed of by our determination herein.

Article III, § 21, Washington constitution, provides:

"The attorney general shall be the legal adviser of the state officers, and shall perform such other duties as may be prescribed by law."

Chapter 92, Laws of 1929, p. 177, which superseded other statutes relating to the powers and duties of the *Attorney General,* among other things, provides:

"Sec. 3. The attorney general shall have the power and it shall be his duty:— . . .

"2. To institute and prosecute all actions and proceedings for, or for the use of the state which may be necessary in the execution of the duties of any state officer; . . . " [Rem. Rev. Stat., § 112 (P. C. § 6574-3)].

"Sec. 4. It shall be the duty of the attorney general:

. . .

"4. To enforce the proper application of funds appropriated for the public institutions of the state, and to prosecute corporations for failure or refusal to make the reports required by law; . . . " [Rem. Rev. Stat., § 11032 (P. C. § 6574-14)].

It also requires the *Attorney General* to keep a record of all cases prosecuted or defended by him. Section 7 [Rem. Rev. Stat. § 11034-1 (P. C. § 6574-17)], gives the *Attorney General* power to appoint all necessary assistants.

Respondent relies upon Chapter 193, Laws of 1933, p. 909 (Rem. 1934 Sup., § 7676 [P. C. § 3471]) which, so far as pertinent, reads:

"The director of labor and industries shall have power to authorize any employee of the department who is an attorney admitted to practice law in the state of Washington to appear for the department in any action instituted for the purpose of collecting industrial insurance premiums."

It is argued by respondent that the last quoted statute, being a later enactment, to that extent supersedes the former act.

Respondent also argues that only the *Attorney General* can raise the question as to the validity and effect of the last statute, and that the *Attorney General* had not done so. Neither is there any finding that the director of labor and industries has done so; nor that the *Attorney General* was or is cognizant of the institution and maintenance of this action. Indeed, the statute relied upon by respondent does not authorize

such attorneys who are admitted to practice law in this state to institute actions and sign a summons, but only to appear for the department in actions which have been brought for the purpose of collecting industrial insurance premiums.

Although the constitutional provision above quoted is not self-executing, when the duties of the *Attorney General* are prescribed by statute and the statute has for its purpose the authorization of proper state officers to bring actions, that authority is exclusive. As such officer, the *Attorney General* might, in the absence of express legislative restriction to the contrary, exercise all such power and authority as the public interest may, from time to time, require. 6 C. J. 812. See, also, *State ex rel. Dunbar v. State Board of Equalization,* 140 Wash. 433, 249 Pac. 996; *State ex rel. Clithero v. Showalter,* 159 Wash. 519, 293 Pac. 1000.

At an early date this court announced the rule that courts of equity would not be allowed to entertain suits to restrain the act of state officers in misappropriating public funds on the petition of a mere citizen and taxpayer, as the *Attorney General* of the state is the proper party to institute suit involving the disposition of the revenue of the state. *Jones v. Reed,* 3 Wash. 57, 27 Pac. 1067. We there held that the law then in force provided such an officer for an especial duty, and that it was a better policy to submit such litigation to his guidance. We reaffirmed that rule and cited other previous cases in the *Clithero* case, *supra.*

Respondent cites *State ex rel. State Board of Medical Examiners v. Clausen,* 84 Wash. 279, 146 Pac. 630, as holding that the legislature possesses the power to authorize state agencies to employ private counsel.

We do not interpret that case as so holding, as all it held was that there was no statute involved in that case which authorized state officers to employ other

counsel than the *Attorney General*. We there said, among other things:

"On the *Attorney General* in certain instances, and on the prosecuting attorneys of the several counties of the state in others, is imposed the duty of prosecuting offenders against the laws. The rights and powers of these officers in this respect are absolute in all cases where the statute has not specially granted the power to another, and, as we find no special grant of power to the medical board to employ special counsel to prosecute offenders against the act in question, we are forced to the conclusion that no such power exists."

At all events, the section of the 1933 act relied upon by respondent does no more than confer power upon such attorneys who are admitted to practice law in this state to appear for the department in any action instituted for the purpose of collecting industrial insurance premiums, but does not authorize such attorneys employed by the department to institute such actions. The *Attorney General* must exercise his judgment as to whether the action shall be instituted. Another statutory provision which has an important bearing, Rem. Rev. Stat., § 7697 [P. C. § 3488], relating to this department, in part reads:

"The attorney general shall be the legal adviser of the joint board and shall represent it in all proceedings."

Counsel for respondent also urge that this court should take judicial notice that they are attorneys admitted to practice and employed by the department of labor and industries for the purpose of collecting industrial insurance premiums. On the contrary, we cannot take judicial notice of that, any more than we could take judicial notice of their discharge by the department had they been discharged after the commencement of this action.

A contention, also made by them, that, when

an attorney appears in a case, the presumption is that he has authority to appear and conduct the trial of the cause, is unmeritorious when the state is the party and only the *Attorney General* can institute such action on behalf of the state.

Nor is there any merit in the contention that only the *Attorney General* can raise the question here presented and that he has not done so. Litigants who are sued always have the right to raise the question that no proper party has sued them. It goes to the basis of the action. It is not a mere technicality, for they are entitled to the protection of the action being instituted, maintained and a judgment validly authorized by the proper official. Some of the cases cited by respondent to sustain its contention are to that effect. Such are the cases of *State ex rel. Attorney General v. Seattle Gas & Electric Co.*, 28 Wash. 488, 68 Pac. 946, 70 Pac. 114; *People v. The Metropolitan Telephone and Telegraph Co.*, 64 N. Y. Pr. Rep. 66. To the same effect is *Gibson v. Kay*, 68 Ore. 589, 137 Pac. 864, cited by the *Attorney General*.

Other cases cited by respondent, *Ritchie v. McMullen*, 159 U. S. 235, 16 S. Ct. 171; *Board of Public Utility Commissioners of New Jersey v. Lehigh Valley R. Co.*, 106 N. J. L. 411, 149 Atl. 263; *People v. Santa Clara Lumber Co.*, 110 N. Y. Supp. 280; and *Title Ins. & Trust Co. v. California Development Co.*, 168 Cal. 397, 143 Pac. 723, are under different statutes, but state no principle in any of them contrary to our decisions.

The United States supreme court in *United States v. Throckmorton*, 98 U. S. 61, held that the attorney general of the United States must have brought, or given authority for bringing, a suit on behalf of the United States to set aside a patent for lands, although the action there was instituted against several defendants

by the United States district attorney for that Federal district. It appeared from the opinion of the court in that case that there was appended to the record, though no part of it, a bond to save the United States harmless in the action. The court observed:

"If it is intended by this to show that the Attorney-General authorized the suit, it fails to prove it, though the bond recites that that officer had directed the district attorney to bring the suit.

"It is not in this way that the then Attorney General should have placed himself on the record as responsible for such a bill. . . . It is essential, therefore, to such a suit, that without special regard to form, but in some way which the court can recognize, it should appear that the Attorney-General has brought it himself, or given such order for its institution as will make him officially responsible for it, and show his control of the cause."

See, also, *State ex rel. Attorney General v. Seattle Gas Co., supra.*

There is interpolated into this record, though no part of it, a letter from the *Attorney General* to *one* of the attorneys, of a date after the institution of this action in the lower court, attempting to authorize its maintenance. As was said by the United States supreme court in the *Throckmorton* case, *supra,* it is not in that way that the *Attorney General* of this state should make himself officially responsible for the institution and maintenance of such action against any party. There is no signature by or on behalf of the *Attorney General* to the summons and complaint in this action, and the attorneys who instituted and maintained the action were then without such power and authority.

We agree with the statement of the *Attorney General* in his brief, served and filed *amicus curiae* at the request of this court after the first argument herein, that the constitution of this state is patterned after

the United States constitution, and that the people had in mind the same objects sought by the creation of the attorney general's office of the Federal government; that is, a severance of the various branches of the government, thereby creating one office a check upon the other; that the section of the 1933 act relied upon did not give authority to departments to institute actions in their own right, but only in conjunction with the authority of the *Attorney General;* and that such actions should necessarily bear the name of the *Attorney General,* even though additional counsel were provided for the purpose of assisting in such litigation.

We do not agree, however, with the assertion of the *Attorney General* that no one may challenge the institution of a suit by any individual presumably representing the *Attorney General* except the *Attorney General* himself, for the reasons heretofore stated.

We conclude, therefore, that the action should have been dismissed on the motion to quash, and that the writs of garnishment should be dissolved.

We shall dispose of the matter of the validity of the section of the industrial insurance law imposing different penalties upon different industries when we shall meet that question in a proper case. *State ex rel. Burnham v. Superior Court,* 180 Wash. 519, 41 P. (2d) 155.

The judgment is reversed, with instructions to dismiss the action and dissolve the garnishments.

MILLARD, C. J., MITCHELL, STEINERT, and GERAGHTY, JJ., concur.

BLAKE, MAIN, TOLMAN, and BEALS, JJ., dissent.