RAMÓN MORÁN & Co., Petitioner, v. DISTRICT COURT OF SAN JUAN, C. LLAUGER DÍAZ, JUDGE, Respondent.

No. 1186. Argued July 10, 1939.—Decided November 22, 1939.

C. *Iriarte,* F. *Fernández Cuyar* and H. *González Blanes* for petitioner; B. *Fernández García, Attorney General,* and M. *Rodríguez Ramos, Assistant Attorney General,* for intervenor, plaintiff in the main suit.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a writ of certiorari requested by the mercantile, agricultural and industrial partnership of Manatí, P. R., Ramón Morán y Compañía, against the District Court of San Juan, so that that this Court call for the record in the case No. 30,895, filed in said district court by "The People of Puerto Rico and in its name *Rafael Sancho Bonet, Treasurer of Puerto Rico,* plaintiff, v. *Ramón Morán & Cía.,* defendant, for the collection of income tax" and to revise and annul the order of May 23, 1939, rendered therein, refusing to strike out the amended complaint filed on April 14, 1939.

The writ was issued, and the parties heard on July 10.

The question involved is interesting and has been well presented by petitioner and amply discussed by the parties.

The partnership Ramón Morán & Cía. filed in 1935, with The Treasurer of Puerto Rico, an income tax return, for the taxable year 1931–32, showing therein a loss of $59,080.04. Months later the Treasurer notified them of a deficiency tax of $25,459.56, including interest and penalties.

An administrative hearing having been held before the Treasurer, and the assessed tax affirmed, the partnership

appealed to the Board of Review and Equalization, and said body reversed the acts of the Treasurer on December 28, 1937. On December 23 of the following year the suit was begun in the manner stated, that is, The People of Puerto Rico represented by the Treasurer.

The defendant was summoned. It demurred for want of facts to establish a cause of action and because the Treasurer had no capacity to represent The People, who should have appeared by the Governor.

On March 8, 1939, the district court granted the demurrers and allowed ten days to file an amended complaint.

Said "amended complaint" was filed, on April 14, 1939, under the following title: "The People of Puerto Rico, *and in its name Mr. Blanton Winship, Governor of Puerto Rico,* plaintiff, v. *Ramón Morán & Co.,* defendant. For collection of income tax."

On April 24, 1939, the defendant partnership filed a motion to strike, which, insofar as pertinent, says:

"That, as shown from the order of this court of March 8, 1938, which is part of the record, the demurrer to the original complaint allowed for 'lack of capacity to sue of plaintiff, Rafael Sancho Bonet, in the name of The People of Puerto Rico, since he has not been authorized by the Organic Act or any other law, to represent The People of Puerto Rico in this suit,' and because said complaint did not allege sufficient facts to constitute a cause of action.

"That this court granted leave to plaintiff, Rafael Sancho Bonet . . . to file amended complaint, if such a thing were possible and he deemed it convenient.

"That . . . on April 14, 1939, an amended complaint was filed, and in it appears now as plaintiff, Blanton Winship, Governor of Puerto Rico as representative of The People of Puerto Rico.

"That this last complaint was filed without Mr. Blanton Winship requesting leave to appear in this record in the character he alleges to have and so to give defendant the opportunity to state his opposition to the substitution or complete change of party plaintiff that has taken effect through the filing of the aforesaid amended complaint.

"That the action begun by Rafael Sancho Bonet was null and void, because he lacks capacity to sue as representative of The People

of Puerto Rico, and there being no true plaintiff as original party to the suit, the admission of an amended complaint, wherein there is a complete change of the party plaintiff, not does lie.

"That in the present case the striking out of the amended complaint 'lies, because the action originally brought is a nullity, and the substitution of parties intended cannot prevail."

And the court, on May 23, 1939, held:

"Defendant's motion is denied . . .

"The brief filed by defendant is very interesting; but in view of the special circumstances of the case and that the plaintiff is always The People of Puerto Rico, who is the real party in interest, I think the ends of justice are better fulfilled if the motion to strike is denied, as is hereby done, and defendant is granted a ten day term to plead to the amended complaint."

██ Did the district court have jurisdiction to continue acting in the case or was this definitely settled on March 8, 1939, without a possibility that The People of Puerto Rico could revive it through its true representative?

As we have seen, we have to do with a civil action filed in a court of justice to collect a tax on income, according to the provisions of Section 57(b) of Act No. 74 to provide revenue for The People of Puerto Rico through the imposition of income tax, and for other purposes, approved on August 6, 1925, page 514, which says:

"(b) If the Board determines that there is a deficiency, the amount so determined shall be assessed and shall be paid upon notice and demand from the Treasurer. No part of the amount determined as a deficiency by the Treasurer but disallowed as such by the Board shall be assessed, but a proceeding in a district court of competent jurisdiction may be begun, without assessment, for the collection of any part of the amount so disallowed. The court shall include in its judgment interest upon the amount thereof at the rate of 6 per centum per annum from the date prescribed for the payment of the tax to the date of the judgment. Such proceedings shall be begun within one year after the final decision of the Board, and may be begun within one year after the final decision of the Board, and may be begun within such year even though the period of limitation prescribed in section 60 has expired."

There is nothing provided in said Section about the officer who is to file the complaint and if the law, in its other Sections, kept silent on the subject, the argument contained in the brief in opposition to the certiorari filed by The People through the Attorney General, sustaining that logically the officer to act was the Treasurer (see *Puerto Rico Fertilizer Co.* v. *Treasurer,* 50 P.R.R. 389), would have great force; but the law itself, Act No. 74 of 1925, is establishing the jurisdiction of the courts, in its Section 82(*b*) orders that:

"(*b*) The district courts, at the instance of The People of Porto Rico, are hereby invested with such jurisdiction to make and issue writs and orders of injunction, orders appointing receivers, and such other orders and process, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the provisions of this Act. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of The People of Porto Rico in such courts or otherwise to enforce such provisions."

Therefore, it is The People of Puertò Rico who has authority to file the proceedings before the courts, including that established by Section 57(*b*) of the act, and this being so, its representation belongs to the Governor. Section 12, Organic Act; Section 48, subdivision 5, Political Code; *State* v. *Huston,* 97 Pac. 982, 986; *People* v. *Torres,* 28 P.R.R. 783, and *Saurí & Subirá* v. *Sepúlveda,* 25 P.R.R. 224.

We are also forced to this conclusion because when in the act itself the collection is entrusted to the Treasurer, the provision is specific as when the Board finds that there is a deficiency. In the case of administrative proceedings, the Treasurer acts with full authority to the end. If there is need to go to court, the Treasurer must submit the case to the Governor so that it is the latter who acts in name of The People by its lawyer, the Attorney General. That is the proceeding that the plaintiff himself acknowledged in presenting its "amended complaint" by its representative, the Governor.

 That point having been decided, let us see if it is possible to consider the complaint of April 14, 1939, wherein The People appeared by its true representative, as an amendment to the complaint of December 23, 1938, wherein it appeared by an officer without authority thereof.

The petitioning partnership invokes the recent holding of this Court in *González* v. *White Star Bus Line, Inc.,* 53 P.R.R., wherein it was held that "a new plaintiff may not be substituted in place of the plaintiff who brings the action, where the party sought to be substituted was the real and only party in interest at the commencement of the action."

In that case a married woman began an action for damages that legally belonged to the marriage partnership. The complaint was thereby dismissed. Plaintiff moved for reconsideration praying for leave to file an amended complaint. The court so granted and defendant appealed alleging the original complaint was fatally defective, not liable to amendment, and because the amended complaint did not cure the defect, because if plaintiff had no cause of action, neither did it have the right to move for a substitution by a party wholly alien to the suit.

After stating these facts and citing the case of *Dubbers* v. *Goux,* 51 Cal. 153, this Court said:

"Inasmuch as the conjugal partnership which was attempted to be joined in the action was the only one which had a real interest at the time that said action was filed, it is clear that the amended complaint could not be admitted.

"The court had not authority to decree in that manner that an action which had fallen of its own weight, wh'ch was legally inexistent, should continue in force as if it had been validly instituted when the orginal complaint was filed."

And the petitioning partnership alleges:

"Paraphrasing this Honorable Court, we may say that in the case at bar the lower court lacked authority to order that by way of an amended complaint a suit should remain pending after it had failed by itself, that was nonexistent for legal purposes, in view of

the nullity of the appearance that Mr. Sancho Bonet tried to make in the name of The People of Puerto Rico. Certainly it cannot be said that in the case at bar The People of Puerto Rico have validly begun the suit, taking into account that at no moment has it lawfully appeared until the date of filing the amended complaint.''

We believe that indeed, the conclusion is unavoidable that the amendment is not possible, since there is no correlation between the original and the amended complaint, although The People of Puerto Rico appears as plaintiff party in both.

If an officer, assuming an authority that he does not have, files suit before the courts of justice in name of The People, his act is ineffective at law. If later the action is brought by The People by its true representative, the suit thus established cannot be considered as a continuation of the first but as something just beginning and it is only from there on that it has any legal existence.

What has been said will appear clear if we consider the statute of limitations. For example, in this specific case, the term granted by law to go to court is one year. The first complaint was filed a short time before said term expired and the second one afterwards. Can it be held that the second one was filed in time, when it was only after it was presented that The People was properly before the court? A negative answer is in order.

It is well to say that the ruling set forth in the *González* case, *supra,* that has been cited, followed that of *Flit* v. *White Star Line,* 49 P.R.R. 139 which in turn followed *Vázquez* v. *Valdés,* 28 P.R.R. 431; *Vázquez* v. *P. R. Railway Light & Power Co.,* 35 P.R.R. 59; *Irizarry* v. *Díaz,* 35 P.R.R. 132, and *Dávila* v. *P. R. Railway Light & Power Co.,* 44 P.R.R. 923; and that later in the case of *Vere* v. *District Court,* 54 P.R.R. 248, 251, 253, we said:

''The ultimate question involved is the following. Where a person against whom no right of action exists is sued, can the complaint be amended so as to bring into the suit the person against whom the

right of action exercise ex'sts, or is it necessary to institute an in-
dependent action?

" * * * * * * *

". . . Although we are dealing here with parties defendant and
the cases cited deal with parties plaintiff, the principle involved is
the same. 'Courts have no power to allow an amendment to a com-
plaint with the purpose not to correct a misnomer but to substitute
the only party defendant for another entirely different', this Court
held in the case of *Melón Hnos. & Co., S. en C. v. R. Muñiz de León,*
47 P.R.R. 87"

In the case of *People* v. *Navarre,* 22 Mich. 1, 3, cited with
approval in *State* v. *Homesteaders Life Association,* 90 F.
(2d) 545, it was said:

"The state can only be recognized by the courts as a suitor' in
legal proceedings through the agents or representatives appointed
by law to speak and act in its name in the matter in hand; and,
unless in the given case the proper agent or representative is present,
in legal contemplation the state is not present, . . ."

"Decisions of the Supreme Court of Missouri" was held
in *State of Missouri* v. *Homesteaders Life Ass'n.,* 90 F. (2d)
543, 545 "are to the effect that the state is not a party to
an action unless the officer authorized by law instituted the
action in its name."

And in *State* v. *Gattavara,* 47 P. (2d) 18, it was held,
copying from the syllabus, that:

"Where state brought action through attorneys in departments of
labor and industry to collect premiums and penalties for the com-
pensation fund, the Attorney General being only proper party to
bring action, and there was interpolated into record a letter from
Attorney General to one of the attorneys of a date after institution
of suit, attempting to authorize its maintenance, attorneys bringing
action were without authority to maintain in absence of signature to
summons and complaint by or on behalf of Attorney General, and
action should have been dismissed."

Although in these decisions the question of an amendment
was not considered, it can be seen that they are to the effect
that a suit not brought by the proper representative of the

state has no legal existence, and this being so, the amendment does not lie.

By virtue thereof, the order of the district court of May 23, 1939, must be annulled, and in its stead the striking out of the amended complaint must be ordered.

Mr. Justice Travieso took no part in the decision of this case.